**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT CARR** | * | **CIVIL ACTION: 19-14777** |
| | * | |
| **VERSUS** | * | **SECTION: "G"** |
| | * | |
| **ENTERPRISE MARINE SERVICES, LLC** | * | |
| | * | **MAGISTRATE: (3)** |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**COMPLAINANT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO LIMIT PLAINTIFF'S EXPERT WITNESS TESTIMONY**

**MAY IT PLEASE THE COURT:**

Complainant herein, Mr. Robert Carr, opposes Defendant, Enterprise Marine Services, LLC's (hereinafter "EMS"), Motion *in Limine* seeking to limit the testimony of Complainant's Vocational Rehabilitation Counselor, Kasey Crawford, and Economist, Dr. Randolph Rice, from testifying that Complainant intended to advance from tankerman to a Captain/Operator of an EMS vessel had the accident involved herein not occurred, as well as Dr. Rice's opinions concerning certain damage calculation amounts. Defendant's Motion should be denied because the opinions offered by Complainant's experts were formulated through the use of proper methodologies and are reliant on meaningful evidence. In addition to Mrs. Crawford and Dr. Rice, Defendant also seeks to limit the future testimony of Complainant's marine liability and safety expert, Captain Michael Weeks, which is completely inappropriate and untimely. The law makes very clear that any questions relating to the bases of an expert's opinion go to the weight of the evidence at trial and not admissibility. Accordingly, any credibility determinations as to the opinions of Complainant's experts will be properly addressed on cross-examination at trial, not by absolute exclusion.

## PERTINENT FACTS

On November 28, 2018, Complainant was involved in an accident while working as a tankerman on the vessel M/V TOMMY, a tugboat owned and operated by EMS. At the time of the accident, Complainant was attempting to secure a barge into a fleet and when he pulled on a line to maneuver it into place, he felt a significant pain in his lower back. At this time, the M/V TOMMY was short a deckhand assignment to the vessel and Complainant was not only responsible for his own duties as tankerman, but also for the duties that should have been performed by a deckhand during Complainant's off time. Having to perform extra deckhand duties during Complainant's off time caused him to lose a significant amount of sleep, which led to him becoming sleep deprived. Just prior to the accident, Complainant had only one line left to secure before he could return to his off time. Rather than wait for assistance, he attempted to man-handle the line by pulling on it, which lead to his serious back injury.

Complainant, Mr. Carr, testified in his deposition that he began working in the maritime industry originally as a commercial fisherman when he was just 16 years old. See Deposition of Robert Carr, attached herein as Exhibit 1, pp. 23-24; 50-51. At 21, he then began operating crewboats for a river pilot association. *Id.* at 24; 30-31. Over the course of his long career in the maritime industry, Mr. Carr advanced from deckhand, to tankerman, to mate. *Id.* at 26; 44-45. At the time of the accident involved herein, Complainant had been employed by EMS since he was 56 or 57 and was working in the capacity of a first watch or captains watch tankerman in a directed effort to work towards his vocational goal of becoming a captain himself. *Id.* at 28; see also Affidavit of Complainant, Robert Carr, attached herein as Exhibit 2. In Mr. Carr's Affidavit, he explicitly indicates it was his intention to progress in his career from tankerman to captain. He further offered the same testimony to Complainant's retained vocational rehabilitation expert and

life care planner, Kasey Crawford. Further, he pursued this goal using the company's Steersman Program, in which he enrolled. See Exhibit 1, pp. 182-183. However, after the initial enrollment, he was unable to complete his interview for the program because of his work schedule at EMS. *Id.* Before he was able to reapply and interview for the program, he suffered the accident involved in this claim. See Exhibit 2. Mr. Carr further testified in his deposition that he made his intention to participate in EMS' Steersman Program known to the Captain of the vessel he was working on at the time. See Exhibit 1, p. 184.

In Mrs. Crawford's Life Care Plan Report furnished on September 24, 2020, she indicates that her opinions were in part based upon an interview she conducted with Complainant, Mr. Carr, on August 20, 2020, at which time Mr. Carr clearly expressed his goal was to pursue a career as a boat captain. See Mrs. Crawford's Life Care Plan Report, attached herein as Exhibit 3, p. 7. Mrs. Crawford further states, "He reported he became employed as a Tankerman in effort to work towards his vocational goal" of becoming a captain. *Id*. In addition, the opinions contained in economist, Dr. Randolph Rice's, September 24, 2020 report were based in part on Mrs. Crawford's Life Care Plan Report, wherein she detailed her personal interview with Mr. Carr, who indicated that it was in fact his goal to pursue a career as a captain. See Dr. Rice's report, attached herein as Exhibit 4.

**LAW AND ARGUMENT**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 provides in pertinent part:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "District courts have wide latitude in determining the admissibility of expert testimony under Rule 702." *Fulford v. Manson Const. Co*., No. CIV.A. 09-3946, 2010 WL 1903865, at *1 (E.D. La. May 7, 2010), *citing Watkins v. Telsmith, Inc.,* 121 F.3d 984, 988 (5th Cir.1997) (quoting *Eiland v. Westinghouse Electric,* 58 F.3d 176, 180 (5th Cir.1995)). "The expert need not have complete knowledge about the field in question, and need not be certain. He need only be able to aid the jury in resolving a relevant issue." *Mannino v. Int'l Mfg. Co*., 650 F.2d 846, 850 (6th Cir. 1981). See also, *Huston v. Virgin Islands Asphalt Products Corp.,* (D. V.I., 2003), 2003 US Dist Lexis 25392.

Any "questions relating to the basis and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility." *McCord v. Fab-Con, Inc.*, No. CIV.A. 11-522, 2013 WL 3490964, at *3 (E.D. La. July 10, 2013), *quoting United States v. 14.38 Acres of Land, More or Less Situated in Leflore County, Miss.,* 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 422 (5th Cir.1987)). "It is the role of the adversarial system, not the court, to highlight weak evidence." *McCord*, 2013 WL 3490964, at 3, *citing Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563 (5th Cir.2004). As the Supreme Court observed in *Daubert v. Merrell Dow Pharm., Inc.*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional

and appropriate means of attacking shaky but admissible evidence." 509 U.S. 579, 596, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993).

In *Lewis v. Marquette Transportation Co., LLC*, No. CV 17-10917, 2019 WL 1572563, at *1 (E.D. La. Apr. 11, 2019), the Eastern District denied a Defendant's Motion *in Limine* also seeking to exclude the testimony of experts Mrs. Crawford and Dr. Rice. *Id*. Specifically, Defendant therein argued that said experts' opinions on the Plaintiff's lost wages were speculative because they assumed that the Plaintiff would be promoted from relief mate to vessel captain, even though he held no maritime licenses and never applied for or obtained any U.S. Coast Guard mariner credentials. *Id.* at 2. The Court ultimately denied Defendant's Motion *in Limine*, finding that "Crawford and Rice premise[d] their opinions in this case on Lewis' work history of advancement from deckhand to senior relief mate and his testimony that he planned to become a vessel captain. *Id*. at 4. This was enough for the Court to conclude that the challenged expert opinions were "admissible because they are rooted in at least ***some evidentiary support***, the strength of which (including Crawford's reliance upon Lewis' stated intentions and Rice's assumptions in calculating wage loss) may be handled through cross-examination and the presentation of contrary evidence." *Id*.; emphasis added. This decision is directly on point and applicable to the present Motion filed by Defendant, EMS.

Similar to *Lewis*, in the present matter, Defendant seeks to exclude the testimony of Complainant's experts, Kasey Crawford and Dr. Randolph Rice, concerning the likelihood that Mr. Carr would ultimately be promoted to captain. Defendant's argument to exclude Mrs. Crawford and Dr. Rice's opinions concerning his likely career advancement fails because these opinions were properly formulated and are reliable. Specifically, both expert opinions were not only based on Mr. Carr's direct testimony that he was actively working towards becoming a

captain, but also his past work history, which clearly evidences his progression from deckhand, to tankerman, to mate, just like *Lewis*. Mr. Carr also offered extensive testimony of his work history and his intention to complete the company's Steersman Program in his deposition, which was reviewed by both Mrs. Crawford and Dr. Rice and considered in the formulation of their opinions. Most significantly, as the law cited herein makes very clear, questions relating to the basis or sources of an expert's opinion simply do not affect its admissibility, but only the weight to be assigned to that opinion at trial. Thus, absolute exclusion is completely inappropriate and the opinions of Mrs. Crawford and Dr. Rice concerning the likelihood that Mr. Carr would advance to the position of captain are proper and should be considered at trial herein.

In its Memorandum in Support of the present Motion, Defendant also seeks to exclude Dr. Rice's opinions concerning economic damages in the event Mr. Carr continued working until age 74, arguing such opinions are unreliable. Defendant's argument is simply inaccurate and fails to take controlling law into account. The law indicates questions relating to the basis or sources of an expert's opinion do not affect admissibility. Thus, any opinion offered by Dr. Rice concerning the calculation of economic damages if Mr. Carr worked until a certain age is admissible and should absolutely be considered at trial.

Finally, Defendant also attempts to obtain an Order from this Court "deterring" Complainant's marine liability and safety expert, Captain Michael Weeks, from "find[ing] a way to testify about Steersman Programs *in general*" in connection with Complainant's claims involved herein. Emphasis added. This request is utterly absurd, premature and clearly without basis, as evidenced by the fact that Defendant is seeking some type of preemptory measure rather than the exclusion of actual existing expert testimony. As Complainant has stated throughout this Memorandum, the law makes clear that any and all questions relating to the basis or sources of an

expert's opinion affect only the weight of that evidence, not the admissibility. Thus, striking any testimony of Captain Weeks in his capacity as a marine safety and liability expert regarding steersman programs in general or specifically related to Mr. Carr is absolutely not appropriate or warranted herein.

**CONCLUSION**

At this time, Complainant, Mr. Robert Carr, respectfully requests Defendant, EMS', Motion *in Limine* be denied by this honorable Court for the reasons set forth in this Memorandum. The at issue opinions offered by Complainant's experts are admissible because they are rooted in evidentiary support just as in *Lewis.* Further, the law clearly states that any questions relating to the bases of an expert's opinion go to weight of the evidence at trial – not admissibility. Accordingly, credibility determinations as to the opinions of Complainant's experts, Mrs. Crawford, Dr. Rice and/or Captain Weeks, are properly suited to be addressed on cross-examination at trial and not by absolute exclusion.

Respectfully submitted,
DISCON LAW FIRM

/s/ Thomas M. Discon
THOMAS M. DISCON, T.A. #14219
CHARLOTTE DISCON STRIEF, #35751
424 N. Causeway Boulevard, Ste. A
Mandeville, Louisiana 70448
Telephone: (985) 674-9748
E-mail: tdiscon@disconlawfirm.com
Attorneys for Complainant

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all CM/ECF participants. I also certify that the above and foregoing has this date been forwarded by U.S. Mail, postage prepaid and properly addressed to the non-CM/ECF participants.

/S/ THOMAS M. DISCON
THOMAS M. DISCON